I concur with the majority that the plurality decision in Troxel v.Granville (2000), 530 U.S. 57, does not require us to find O.R.C.3109.051(B) unconstitutional on its face even though R.C. 3109.051(B) contains no presumption that a fit parent's decision regarding third-party visitation is in a child's best interest. The plurality inTroxel indicated that ". . . the constitutionality of any standard for awarding visitation turns on the specific manner in which that standard is applied. . ."[1] Therefore, the direction given to us by the plurality in Troxel is to look at whether the application of the visitation statute to the facts is constitutional.
I also concur with the majority that the application of O.R.C.3109.051(B) is constitutional in the case sub judice. But I write separately to emphasize the reason that I find the application to be constitutional. I find the application to be constitutional based on the unique set of facts presented in the case sub judice. Each of the fathers consented to the visitation requested. If there is a presumption that a parent is fit and that a fit parent acts in the best interest of his child, then each of the decisions of the fathers to allow visitation should be given just as much weight as the decision of the mother not to allow visitation. No party to the case sub judice has proven any of the parents unfit. The trial court's findings do not indicate that any party presented evidence to overcome the presumption that mother's decision was in the best interest of the child or to overcome the presumption that father's decision was in the best interest of the child. Certainly, in some cases, evidence of animosity between parties could provide evidence to overcome the presumption that a fit parent made a visitation decision based on the best interest of the child. But the trial court makes no findings to indicate that that was shown in the case sub judice. Therefore, the decision of each of the parents regarding visitation must be given equal weight by the trial court. When each parent's decision is given equal weight, then those decisions offset each other. In that circumstance, I find that the trial court may then use the best interest of the child standard to determine the visitation request made by a grandparent.
I dissent only regarding the decision of the majority to reverse and remand the declaratory judgment action regarding whether R.C. 3109.051(B) was applied constitutionally in the case sub judice. I agree that the trial court erred when it did not consolidate the two cases or take judicial notice of the findings and conclusions in the other case. On the other hand, we have ruled that the application of R.C. 3109.051 was constitutional in the other case. The issue is now moot, and a remand is not necessary.
I concur with the majority as to the remaining portions of its decision.
[1] Troxel, at p. 73.